UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | | |
|---|---|---|
| RALPH COUNTRYMAN, *et al.*, | ) | |
| Petitioners, | ) | 3:12-cv-00274-RCJ-VPC |
| vs. | ) | **ORDER** |
| JACK PALMER, *et al.*, | ) | |
| Respondents. | ) | |

Petitioners have submitted petitions for writ of habeas corpus pursuant to 28 U.S.C. § 2241. (ECF Nos. 1-3.) Petitioner Countryman has submitted the $5.00 filing fee. (ECF No. 6.)

Petitioners challenge the legality of their Nevada criminal convictions. Petitioners argue that the criminal statutes under which they were convicted lack the enacting clause required by the Nevada Constitution, and thus, their convictions are invalid. Petitioners expressly raise their claims pursuant to 28 U.S.C. § 2241.

The Ninth Circuit Court of Appeals has held that "28 U.S.C. § 2254 is the exclusive vehicle for a habeas petition by a state prisoner in custody pursuant to a state court judgment, even when the petitioner is not challenging his underlying state court conviction." *White v. Lambert*, 370 F.3d 1002, 1009-10 (9th Cir. 2004), *overruled on other grounds by Hayward v. Marshall*, 603 F.3d 546, 554 (9th Cir. 2010). Here, all three petitioners are state prisoners in custody pursuant to a state court judgment who are challenging their state court convictions. Accordingly, the court construes their petitions as arising under 28 U.S.C. § 2254.

Under Rule 2 of the Rules Governing Section 2254 Cases, the petition must be submitted on the court-approved form and separate petitions must be submitted for judgments of separate courts. In this case, the petitions are not submitted on the court-approved form. Additionally, it appears that petitioners were not convicted in the same state criminal proceeding or that they played a role in committing the same crime. Therefore, as a practical matter, there may be allegations, defenses, evidence, witnesses, and disputed and undisputed facts that are relevant to the arguments of one, or several petitioners, but not to all petitioners. Accordingly, the court will require each petitioner to submit a petition on the court-approved form and will divide this action into three separate civil actions.

**IT IS THEREFORE ORDERED** that this action shall be **DIVIDED** into three separate civil actions seeking relief pursuant to 28 U.S.C. § 2254. This action, 3:12-cv-00274-RCJ-VPC, shall refer solely to petitioner Ralph Countryman.

**IT IS FURTHER ORDERED** that the clerk **SHALL OPEN** a separate action for petitioner Roger Hull and shall **FILE** in that action: (1) petitioner Hull's motion for leave to *proceed in forma pauperis* and his petition (ECF No. 2); and (2) this order. The clerk **SHALL SEND** a notice to petitioner Hull advising him of his new case number.

**IT IS FURTHER ORDERED** that the clerk **SHALL OPEN** a separate action for petitioner Derek Christensen and shall **FILE** in that action: (1) petitioner Christensen's motion for leave to *proceed in forma pauperis* and his petition (ECF No. 3); and (2) this order. The clerk **SHALL SEND** a notice to petitioner Christensen advising him of his new case number.

///
///
///
///
///

1  **IT IS FURTHER ORDERED** that the clerk the **SHALL SEND** petitioners three (3) sets of forms for filing § 2254 actions in this court, together with instructions for filing such forms. Petitioners shall have **forty-five (45) days** from the date of the entry of this order within which to file a revised petition, in their individual actions, using only the court-approved form.  If petitioners fail to comply with this directive, their actions shall be dismissed and closed.

DATED this 6th day of September, 2012.

_____
UNITED STATES DISTRICT JUDGE

3