FILED _____        _____ RECEIVED
_____ ENTERED         _____ SERVED ON
                COUNSEL/PARTIES OF RECORD

DEC 1 0 2012

CLERK US DISTRICT COURT
DISTRICT OF NEVADA
BY: _____ DEPUTY

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

DEREK BRANDON CHRISTENSEN,      )
                                )
                    Petitioner, )        3:12-cv-00477-RCJ-VPC
                                )
vs.                             )
                                )        ORDER
JACK PALMER, et al.,            )
                                )
                                )
                    Respondents.)
_____/

The petitioner has presented the Court with an amended petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (ECF No. 5) and has paid the required filing fee (ECF No. 6).

The petition will be ordered filed and docketed, and served upon the respondents, but the respondents will not yet be required to respond to it.

It appears to the Court that the grounds for relief in the petition are currently unexhausted in state court. Petitioner claims that because he is "not actually challenging his conviction but challenging the validity and constitutionality of the law in which he was convicted of" [sic], this Court has original jurisdiction." Amended Petition, p. 3. However, petitioner is mistaken. *See,* 28 U.S.C. § 2254(b). Petitioner is advised that his claims, which attack the validity of the Nevada Statute under which he was convicted, are, in fact, an attack on the constitutionality of his conviction. Therefore, pursuant to 28 U.S.C. § 2254(b), he must first present his grounds for relief to a state court before a federal court may review the merits of the issues he raises. To exhaust a claim, petitioner must have "fairly presented" that specific claim to the Supreme Court of Nevada. *See Picard v. Conner*, 404

1   U.S. 270,275-76 (1971); *Schwartzmiller v. Gardner*, 752 F.2d 1341, 1344 (9th Cir. 1984).

2        A federal court cannot hear a mixed petition that contains both exhausted and
3 unexhausted claims for habeas corpus relief. *Rose v. Lundy*, 455 U.S. 509, 521-22 (1982); *Szeto v.*
4 *Rusen*, 709 F.2d 1340, 1341 (9th Cir. 1983). If a single one of the claims in the petition is unexhausted,
5 therefore, the Court is obliged to dismiss the petition for lack of exhaustion. After reviewing the petition
6 in this case, it appears to the Court that all of petitioner's claims may be unexhausted.

7        According to items 3 and 4 of the petition, petitioner did not appeal from his conviction
8 and he did not appeal the decision in his state post-conviction review. *See also* page 3 of the petition
9 (regarding this Court's purported "original jurisdiction"). From the face of the petition, therefore,
10 petitioner has admitted that his claims for relief have not yet been exhausted in state court. If this
11 information is inaccurate, then petitioner should file a second amended petition showing when and how
12 he exhausted his stated grounds for relief.

13        **IT IS THEREFORE ORDERED** that the Clerk shall **electronically serve** the amended
14 petition for writ of habeas corpus (ECF No. 5) on the respondents. Respondents shall not answer or
15 otherwise respond to the petition until further order of the Court.

16        **IT IS FURTHER ORDERED** that petitioner shall have thirty (30) days in which to file
17 a second amended petition showing when and how he exhausted the stated grounds for relief.
18 Petitioner's failure to comply in a timely manner will result in the dismissal of his petition. Petitioner
19 is advised that the Court must dismiss the within petition if petitioner is unable to demonstrate how and
20 when he fully exhausted all claims for relief in his petition.

21        Dated this 10th day of December, 2012.

22

23

24

25                         UNITED STATES DISTRICT JUDGE
26

-2-